SEALED

FILED
JAN - 6 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) NO. 05-CR-300_____ |
| | ) |
| v. | ) Violations: Title 21, United States |
| | ) Code, Sections 846 and 841(a)(1) |
| ELDON M. SHELTON, | ) (Count 1: Conspiracy to Manufacture a |
| a/k/a BUTCH SHELTON, | ) Controlled Substance - Methamphetamine; |
| GAVIN M. WALKER, | ) Count 2: Conspiracy to Distribute a |
| MICHAEL C. SMOTHERS, | ) Controlled Substance - Methamphetamine) |
| JEFFREY L. DURBIN, and | ) |
| DAVID BRADLEY CHAMNESS, | ) |
| a/k/a BRAD CHAMNESS, | ) |
| | ) |
| Defendants. | ) |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1

### Conspiracy to Manufacture A Controlled Substance - Methamphetamine

1. From about September 3, 2003, or before, and continuing through at least January 14, 2004, in Christian County, Illinois, in the Central District of Illinois, and elsewhere, the defendants,

> ELDON M. SHELTON,
> a/k/a BUTCH SHELTON,
> GAVIN M. WALKER,
> MICHAEL C. SMOTHERS,
> JEFFREY L. DURBIN, and
> DAVID BRADLEY CHAMNESS,
> a/k/a BRAD CHAMNESS,

knowingly and intentionally conspired with each other and with other persons known and unknown to the Grand Jury, to manufacture 50 or more grams of methamphetamine, its salts, isomers or salts

1

of its isomers, and/or 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts or its isomers, a Schedule II controlled substance.

2. As a further part of the conspiracy, defendants **ELDON E. SHELTON a/k/a BUTCH SHELTON** and **GAVIN M. WALKER**, in exchange for methamphetamine, agreed with unindicted co-conspirators to secure pseudoephedrine pills, lithium batteries and other precursors necessary in the manufacture of methamphetamine and did provide said material in exchange for the unindicted co-conspirator to use the materials and precursors to manufacture or "cook" methamphetamine.

3. As a further part of the conspiracy, defendants **ELDON E. SHELTON a/k/a BUTCH SHELTON** and **GAVIN M. WALKER**, recruited others to procure the necessary pseudoephedrine pills and lithium batteries necessary for the manufacture of methamphetamine.

4. As a further part of the conspiracy, defendant **MICHAEL C. SMOTHERS** permitted his residence located in a rural area in the outskirts of Taylorville, Illinois, to be used by his co-conspirators to manufacture methamphetamine for which defendant **SMOTHERS** charged a fee or "house call" which was paid to him in methamphetamine for every "1000 pill" batch of methamphetamine manufactured by his co-conspirators.

5. As a further part of the conspiracy, defendants **MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS** agreed to procure pseudoephedrine pills and lithium batteries for the manufacture of methamphetamine in exchange for a portion of the methamphetamine produced and to recruit others for that purpose.

6. As a further part, defendants **ELDON E. SHELTON a/k/a BUTCH SHELTON, GAVIN M. WALKER, MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID**

BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS agreed with each other to distribute methamphetamine.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## COUNT 2

### Conspiracy to Distribute a Controlled Substance - Methamphetamine

THE GRAND JURY CHARGES THAT:

1. From about September 3, 2003, or before, and continuing through at least January 14, 2004, in Christian County, Illinois, in the Central District of Illinois, and elsewhere, the defendants,

> ELDON M. SHELTON,
> a/k/a BUTCH SHELTON,
> GAVIN M. WALKER,
> MICHAEL C. SMOTHERS,
> JEFFREY L. DURBIN, and
> DAVID BRADLEY CHAMNESS,
> a/k/a BRAD CHAMNESS,

knowingly and intentionally conspired with each other and with other persons known and unknown to the Grand Jury, to distribute 50 or more grams of methamphetamine, its salts, isomers or salts of its isomers and/or 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts or its isomers, a Schedule II controlled substance.

2. As a further part of the conspiracy, in 2004, **ELDON E. SHELTON a/k/a BUTCH SHELTON, GAVIN M. WALKER, MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS** and other persons known and unknown to the Grand Jury agreed to manufacture methamphetamine.

3. As a further part of the conspiracy, **ELDON E. SHELTON a/k/a BUTCH SHELTON, GAVIN M. WALKER, MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS** agreed with each other and other persons known and unknown to the Grand Jury to distribute methamphetamine.

4. As a further part of the **conspiracy, ELDON E. SHELTON a/k/a BUTCH SHELTON, GAVIN M. WALKER, MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS** and others known and unknown to the Grand Jury would weigh and package the methamphetamine for distribution.

5. As a further part of the conspiracy, **ELDON E. SHELTON a/k/a BUTCH SHELTON, GAVIN M. WALKER, MICHAEL C. SMOTHERS, JEFFREY L. DURBIN** and **DAVID BRADLEY CHAMNESS, a/k/a BRAD CHAMNESS** obtained methamphetamine on consignment ("on a front") from the unindicted co-conspirator for distribution and distributed methamphetamine to others on consignment ("on a front").

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

### SPECIAL FACTORS

The Grand Jury further charges:

1. The manufacture of methamphetamine as alleged in Count 1 created a substantial risk of harm to human life or the environment.

2. Each of the defendants was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

3. Each of the defendants was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive.

4

4. Each of the defendants was an organizer, leader, manager, or supervisor in a criminal activity.

5. Defendant **ELDON E. SHELTON, a/k/a BUTCH SHELTON** willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the course of the investigation and prosecution of the instant offense.

6. During the course of the conspiracy, the defendants and others manufactured and distributed to each other and others in excess of 5000 grams of methamphetamine.

## FORFEITURE

As a result of the foregoing offenses as described in Counts 1 and 2 of this Indictment, and which are realleged and incorporated herein, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 et seq., any and all interest they may have, individually and/or in association with each other, or others, in and to all property, real and personal, involved in the aforesaid offenses and property traceable to such property, including but not limited to:

One Hundred Thousand Dollars ($100,000.00), more or less, which is property constituting, or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations as described in counts 1 and 2 of this indictment,.

The United States asks that upon conviction, a monetary judgment of forfeiture in the amount of at least $100,000 be entered against each defendant convicted in relation to the criminal activities described in counts 1 and 2 of these indictment and that they should be held jointly and severally liable for said amount as determined by the court.

Substitute Assets: If any of the properties described above as being subject to forfeiture, as a result of any act or omission of the defendants:

  (a)  Cannot be located upon the exercise of due diligence;

  (b)  Have been transferred or sold to, or deposited with, a third person;

  (c)  Have been placed beyond the jurisdiction of the Court;

  (d)  Have been substantially diminished in value; or,

  (e)  Have been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other real or personal property of the defendants up to the value of the above identified property.

                A TRUE BILL,

                s/Foreperson
                FOREPERSON

s/Esteban Sanchez
JAN PAUL MILLER
UNITED STATES ATTORNEY
EFS