E-FILED
Thursday, 07 July, 2005   11:05:01 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
JUL - 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 05-30010 |
| | ) |
| DAVID BRADLEY CHAMNESS | ) |
| a/k/a BRAD CHAMNESS, | ) |
| | ) |
| Defendant. | ) |

**PLEA AGREEMENT AND STIPULATION OF FACTS**

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Esteban F. Sanchez, Assistant United States Attorney, and the defendant, David Bradley Chamness, personally and by the defendant's attorney, Ronald J. Stone, hereby enter into this plea agreement.

1.  This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the

1

United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Counts 1 and 2 of the Indictment, in which the defendant is charged in Count 1 with Conspiracy to Manufacture a Controlled Substance - Methamphetamine, and in Count 2 with Conspiracy to Distribute a Controlled Substance - Methamphetamine, both in violation of Title 21, United States Code, Sections 846 and 841(a).

5. The defendant has read the charges to which the defendant is pleading guilty, and the charges has been explained to the defendant by the

defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charges of Conspiracy to Manufacture and Conspiracy to Distribute a Controlled Substance, the United States must prove as to each conspiracy, the following propositions beyond a reasonable doubt:

First, that the conspiracy charged in the Indictment existed,

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

Third, that the conspiracy involved 50 or more grams of methamphetamine, its salts, isomers or salts of its isomers or 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers.

6. The defendant understands and agrees that the offenses to which he shall plead guilty each carries the following potential penalties:

If the defendant does not have a prior felony drug conviction:

- no less than 10 years and up to life in prison;
- up to a $4 million fine;
- ~~up to~~ A minimum of 5 years of mandatory supervised release; [+ up to life of sup/release] and
- a $100 mandatory special assessment for each count.

[BGC]

7.  The defendant understands that the sentences on each count to which he is pleading guilty may be ordered to be served consecutively (in addition to each other). Consequently, the <u>maximum possible sentence</u> which could be imposed on the combined counts is:

- up to life in prison;

- up to a $8 million fine;

- up to ~~10 years~~ life of supervised release; and

- a $200 mandatory special assessment.

8.  The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

9.  The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

### STATUTORY AND APPEAL WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

10.  The defendant is aware that federal law, specifically, Title 28, United

States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

11.   The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the

defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

12.  The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory

sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

13. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

   a. The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal

7

responsibility for the defendant's criminal conduct.

        b.     The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

    14.    The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

    15.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the

calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

16. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## DEFENDANT'S OBLIGATIONS

17. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials, as agreed in the letter dated January 28, 2005, which is attached hereto and incorporated herein by reference.

18. The defendant agrees to waive and waives any rights the defendant may have under the Speedy Trial Act, and the defendant understands that his sentencing may be delayed until his cooperation has been completed so that at sentencing the Court will have the benefit of all relevant information.

19. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

20. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

21. At the time of sentencing the United States agrees to recommend a sentence at the low end of the advisory Sentencing Guideline range.

22. The government agrees not to seek a money judgment of forfeiture against the defendant.

23. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

24. The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

## FACTUAL BASIS

25. The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts 1 and 2 of the Indictment. In pleading guilty to those charges, the defendant stipulates to and admits to the following facts:

From September 3, 2003 through at least January 14, 2004, the defendant, David Bradley Chamness and Shawn Bradley, Sabrina Bradley, Eldon "Butch

Shelton and others, conspired to manufacture and distribute methamphetamine in Taylorville, Illinois. The defendant and his co-conspirators, secured pseudoephedrine pills, anhydrous ammonia, ether or Coleman fuel, lithium batteries and other chemicals and equipment necessary for the manufacture of methamphetamine. During the conspiracy Shawn Bradley, Sabrina Bradley, Eldon "Butch" Shelton and others manufactured methamphetamine using the ingredients, equipment and precursors provided by the defendant, David Bradley Chamness and others. During the conspiracy, the co-conspirators manufactured methamphetamine on an average of once a day with an average yield of an ounce per cook or batch. The co-conspirators distributed a portion of the methamphetamine among themselves for their role or help in the manufacturing of the methamphetamine and to others for money.

The defendant, David Bradley Chamness, knowingly became a member of the conspiracies charged in Counts 1 and 2 of the Indictment and participated in the conspiracy in the following specific manner:

David Bradley Chamness, agreed to deliver or supply and, on numerous occasions, did deliver or supply pseudoephedrine cold pills to Shawn Bradley and Eldon "Butch Shelton" for the purpose of manufacturing methamphetamine. In exchange for the pseudoephedrine pills provided, defendant Chamness received methamphetamine which he sold to others for money.

Based on defendant Chamness' direct conduct and involvement and the conduct and involvement of other co-conspirators which was reasonably foreseeable to him during his involvement in the manufacturing conspiracy, defendant is accountable for the manufacture of least 1,000 grams of a mixture or substance containing a detectable amount of methamphetamine.

## EFFECT OF VIOLATION OF AGREEMENT

26. The defendant agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

27. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

28. The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

   a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

   b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

   c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the

court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

       d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

       e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

29.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

30.   I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms.  No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement.  I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: _____7-5-5_____        s/ Ronald J. Stone
                             _____
                             Ronald J. Stone
                             Attorney for Defendant

**Defendant:**

31.   I have read this entire Plea Agreement carefully and have discussed it fully with my attorney.  I fully understand this Agreement, and I agree to it voluntarily and of my own free will.  I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true.  No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement.  I am satisfied with the legal services provided by my attorney.  I understand that by signing below

16

I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 7-5-05

David Bradley Chamness,
a/k/a Brad Chamness, Defendant

**United States:**

32. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: Aug 30, 2005

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Esteban F. Sanchez

Esteban F. Sanchez
Assistant United States Attorney



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Headquarters Office*

---

| | | |
|---|---|---|
| *Jan Paul Miller*<br>*United States Attorney* | *318 S. Sixth Street*<br>*Springfield, IL 62701-1806* | *TEL: (217) 492-4450*<br>*FAX: (217) 492-4512* |

January 28, 2005

Mr. Ronald J. Stone
Stratton, Giganti, Stone and Kopec
725 South Fifth Street
Springfield, IL 62703

      Re:   U.S. v. David Bradley Chamness
            Case No: 05-30010

Dear Mr. Stone:

    It is my understanding that your client, David Bradley Chamness, desires to cooperate with the government in its efforts to enforce federal and state law on the condition that his statements are protected by a grant of direct use immunity. This letter is intended as a grant of conditional direct use immunity.

    To avoid any misunderstanding, the specific terms of this grant of conditional direct use immunity are:

    1.    The government agrees that no statement made or information provided pursuant to this agreement may be used directly as evidence against your client in any criminal case, excepting (1) a prosecution for making a false statement or perjury, (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides, and (3) as evidence in any forfeiture proceeding commenced by the government. The government will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact your client made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. In the event of a prosecution against your client, the government will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2. In return, your client agrees that he will provide complete and truthful information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client agrees to provide complete and truthful testimony to any federal or state grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the government or state prosecutors.

    Additionally, your client agrees as a condition of the government's grant of conditional direct use immunity, he must not engage in criminal activity of any kind.

4. You and your client further acknowledge and agree that the government's grant of use immunity herein is entirely conditioned upon your client's complete compliance with paragraphs 2 and 3. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, or in any other way violate any of the terms of this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5. Your client must neither conceal or minimize, fabricate, or exaggerate anyone his own conduct or anyone else's actions or involvement in any offense.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. At this time the government is not making and has not made any promise or commitment of any kind to your client regarding the prosecution of any offense or the sentence in any case. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation.

8. Should any federal charges be filed against your client, the government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

9. Any material breach of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's use immunity agreement with your client. No other promise or agreement exists between your client and the government regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

Esteban F. Sanchez
Assistant United States Attorney


AGREED:

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

_David Bradley Chamness_      05-28-05
David Bradley Chamness      Date

s/ Ronald J. Stone      1-28-5
Ronald J. Stone      Date
Attorney for David Bradley Chamness

s/ Esteban F. Sanchez      January 28, 2005
Esteban F. Sanchez      Date
Assistant United Sates Attorney