UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-30010 |
| ) | |
| DAVID BRADLEY CHAMNESS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CHAMNESS COMMENTARY ON SENTENCING FACTORS**

Defendant, David Bradley Chamness, by his court-appointed counsel Ronald J. Stone of Stratton, Giganti, Stone & Kopec, submits the following commentary on sentencing factors:

**I.  INTRODUCTION**

As a starting point the obvious must be pointed out, the United States Sentencing Guidelines have been found to be unconstitutional in mandatory application, and since <u>Booker</u> are considered merely advisory.  The listed factors in 18 U.S.C. 3553 are the bottom line considerations to determine whether a reasonable sentence is imposed.

After <u>Booker</u>, 18 U.S.C. § 3553(a) (not the Guidelines) is the sentencing law.  To comply with it, the district court "shall" impose a sentence that is "sufficient but not greater than necessary" to achieve just punishment in light of the seriousness of the offense, respect for law, deterrence, incapacitation to the extent necessary to protect the public, and needed rehabilitation and treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)-(D).  In "determining the particular sentence," the court "shall consider" a number of factors, including (1) "the nature and circumstances of the offense" and "the history and characteristics of the offender," (2) the purposes of sentencing, (3) the "kinds of sentences available," (4) the correctly calculated guideline range, which is "advisory" and need not be followed, <u>see Booker</u>, 125 S. Ct. at 764-65, (5) "any pertinent policy statement" of the Sentencing Commission, (6) the "need to avoid unwarranted sentence

disparities among defendants with similar records convicted of similar conduct," and (7) the "need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(1)-(7).  The Court of Appeals then reviews whether that sentence "is unreasonable' with regard to § 3553(a)."  Booker, 125 S. Ct. at 765.  See also id. at 766 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.  Those factors in turn will guide appellate courts . . . in determining whether a sentence is unreasonable.").

18 U.S.C. § 3553 states that the Court shall impose a sentence, sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  Section 2 states that the sentence imposed needs:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Other factors for the Court to consider are also outlined in Section 3553.  Looking at those:

**Nature Of Circumstances Of The Offense**

Certainly drug activity involving methamphetamine is quite serious.  First it is generally recognized that this is a very addictive drug, if not the most addictive.  Unfortunately, once Defendant began using it, there became an overwhelming need to engage in a course of conduct to obtain more.  Any sales that he made were for the purposes of acquiring more methamphetamine to use.  Most of his efforts were geared toward solely obtaining some of the final product for personal use.  Second, as pointed out in the Presentence Report, the bulk of Mr. Chamness' drug participation came after he was no longer employed in his long term job at P & H Manufacturing,

2

where he worked from 1994 through 2002. Paragraphs 102 through 106 outline that Defendant has continued to attempt to maintain employment.

**History And Characteristics Of The Defendant**

Defendant successfully served in the military and was honorably discharged in 1987, where he learned the welding trade. He was employed at P & H Manufacturing Company as a welder from 1994 through 2002. He relates that he would like to be located at a Bureau of Prison facility where welding may be available. Significantly, his May 15, 2002 arrest for DUI (Paragraph 73) came one (1) day before his last day at P & H and the beginning of most of his legal troubles. Losing his steady job, and the murder of his two (2) brothers contributed to his worsening anxiety and depression (Paragraphs 90 and 91). Significantly Defendant worked to cooperate with the authorities from the date of his arrest.

## II.  POSITION ON SENTENCING

As acknowledged by all, any sentence imposed need be reasonable. Pursuant to applicable law the sentencing guidelines calculations need to be computed as a reference, but blind adherence to those calculations is not required.

**Drug Weight**

Paragraph 47 of the Presentence Report outlines that Defendant should be held accountable for a converted amount of 11,558.8 KG of marijuana, resulting in a base offense level of 36. The range for Level 36 is more than 10,000 KG, but less than 30,000 KG, so this amount is not far over the threshold amount.

The bulk of the drug amount comes from Paragraph 30 of the Presentence Report and is based upon some generalized, undocumented recollection by Shawn Bradley. Attached is an excerpt

from the Grand Jury testimony of Shawn Bradley. A review of same is that his testimony regarding the total amount of drugs involved is pretty much an undocumented, shoot-from-the-hip guesstimation based on his much later memory of his normal routine. It certainly is not beyond reason that belief that the numbers were not that high. Defendant disputes same.

Defendant submits that he should be held accountable for an amount in the 3,000 KG - 10,000 KG range resulting in a base offense level of 34. That would be reasonable.

**Criminal History Computation**

Paragraph 78 assesses a Criminal History Category of II based upon two (2) criminal history points. The two (2) criminal history points are derived from convictions for two (2) misdemeanors, Driving Under The Influence (Paragraph 73) and Drug Paraphernalia (Paragraph 76). A Criminal History Category II is mandated under the guidelines with either two (2) or three (3) criminal history points. Defendant asserts that a Criminal History Category of II as dictated by the rigid sentencing guidelines overstates his criminality. As was stated earlier, blind adherence to sentencing guidelines is no longer required. It is asserted that utilizing the lower I category would result in a reasonable sentence.

Respectfully submitted,

DAVID BRADLEY CHAMNESS, DEFENDANT

By:   s/ Ronald J. Stone
      Ronald J. Stone Bar Number: 02746662
      Attorney for Defendant
      Stratton, Giganti, Stone & Kopec
      725 South Fourth Street
      Springfield, Illinois 62703
      Telephone: (217) 528-2183
      Fax: (217) 528-1874
      E-mail: rstone@stratton-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patricia A. McInerny and Laura Hanner.

                                        s/ Ronald J. Stone
                                        Ronald J. Stone Bar Number: 02746662
                                        Attorney for Defendant
                                        Stratton, Giganti, Stone & Kopec
                                        725 South Fourth Street
                                        Springfield, Illinois 62703
                                        Telephone: (217) 528-2183
                                        Fax: (217) 528-1874
                                        E-mail: rstone@stratton-law.com